# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

NORMAN EGOLF,

        Plaintiff,

        v.

THE UNITED STATES,

        Defendant.

Case No. 4:23-cv-00007-SLG

## ORDER OF DISMISSAL

On April 24, 2023, Norman Egolf, a self-represented litigant ("Plaintiff"), filed several documents with the Court, including a document titled "Petition to Inform a Judge of the United States of the Commission or Possible Commission of Violations of the Constitution and Laws of the United States and Other Matters of the Public Health and Safety," a civil cover sheet, an Application to Waive the Filing Fee (Non-Prisoner), and a Motion for Waiver of Fees for Process of Service.[1] Subsequently, on May 1, 2023, Plaintiff filed a Notice of Change of Address[2] and a Motion for "Disqualification of Judge."[3] On August 4, 2023, Plaintiff filed a document titled "Affidavit in Support of Motion to Disqualify Judge."[4]

---

[1] Dockets 1–4.

[2] Docket 5.

[3] Docket 6.

[4] Docket 7.

**NO PROPER GROUNDS FOR DISQUALIFICATION OF JUDGE**

As an initial matter, Plaintiff has not asserted proper grounds for the disqualification of the assigned judge. Plaintiff's motion to disqualify Judge Gleason and affidavit in support of the motion, at Dockets 6 and 7 respectively, assert that Judge Gleason's denial of the Writ of Mandamus in an earlier case brought by Plaintiff in *Egolf v. Schroeder,* Case No. 4:22-cv-00003-SLG, was a felony under the laws of the State of Alaska.[5]

Federal law requires a judge to "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned."[6] Additionally, federal law requires judges to disqualify themselves where they may have personal knowledge of evidentiary facts, a conflict of interest, or a financial interest that could be affected by the outcome.[7] None of these factors exists in this case, and Plaintiff does not present proper grounds for recusal of the assigned judge. Therefore, Plaintiff's motions at Docket 6 is DENIED.

**SCREENING STANDARD**

Federal law requires a court to conduct an initial screening of an initial filing by a self-represented litigant seeking to proceed in federal court without paying the

---

[5] Dockets 6–7. On June 3, 2022, this Court dismissed Plaintiff's Petition for Writ of Mandamus and accompanying motions for failing to meet any of the required elements that would have entitled him to the extraordinary remedy of mandamus. *See Egolf v. Schroeder,* Case No. 4:22-cv-00003-SLG, Docket 11 at 8.

[6] 28 U.S.C. § 455(a).

[7] 28 U.S.C. § 455(b).

Case No. 4:23-cv-00007-SLG, *Egolf v. The United States*
Order of Dismissal
Page 2 of 7
Case 4:23-cv-00007-SLG   Document 8   Filed 08/21/23   Page 2 of 7

filing fee.[8] In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[9]

To determine whether an initial filing states a valid claim on which relief may be granted, courts consider whether the document contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[10] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[11]

## DISCUSSION

Plaintiff filed a document titled "Petition to Inform a Judge of the United States of the Commission or Possible Commission of Violations of the Constitution and Laws of the United States and Other Matters of the Public Health and

---

[8] See, e.g., *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

[9] 28 U.S.C. § 1915(e)(2)(B). This provision applies to all actions filed *in forma pauperis*, not just prisoner actions. *See Lopez,* 203 F.3d at 1129; *Calhoun v. Stahl,* 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[11] See *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Safety."[12] In his petition, Plaintiff appears to claim that unnamed officers of the State of Alaska violated his unspecified rights and the rights of "all persons similarly situated as US Citizens residing within the jurisdiction of the State of Alaska" under Article IV section 4, Article VI clause 2, the 6th Amendment, the 7th Amendment, the 8th Amendment, the 9th Amendment, and the 14th Amendment of the United States Constitution.[13] Plaintiff's civil cover sheet states that Plaintiff is alleging a violation of his First Amendment right to "petition to speak with my government."[14] For relief, Plaintiff appears to be requesting to speak with a judge as a representative of the "government."[15]

### I. Claims on Behalf of Others

A self-represented litigant may represent only his own interests.[16] A non-attorney has "no authority to appear as an attorney for others than himself."[17] Plaintiff cannot bring claims on behalf of "all persons similarly situated" or represent a class of individuals in a class action.

---

[12] Docket 1.

[13] Docket 1.

[14] Docket 2.

[15] Dockets 1–2.

[16] 28 U.S.C. § 1654.

[17] See *Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); *Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs).

## II. Failure to State a Claim Upon which Relief May be Granted

A party seeking relief from a federal court must file a complaint that sets forth a basis for relief. Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that Plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, (4) who he is alleging caused that specific harm to him, and (5) what specific law he is alleging was violated as to that specific claim.

In this case, Plaintiff has filed a petition requesting to speak with a judge about alleged crimes. As pleaded, Plaintiff's petition fails to state a claim upon which relief may be granted. Construing Plaintiff's claims liberally, Plaintiff does not allege any violation of federally protected constitutional or civil rights with specificity, but rather appears to be airing systemic grievances that he apparently believes should lead to criminal prosecutions.

The United States Constitution delegates the powers of the Federal Government into three defined categories: the Legislative Branch, the Executive Branch, and the Judicial Branch.[18] The Executive Branch of the United States has exclusive authority and absolute discretion to decide whether to prosecute a

---

[18] *Bowsher v. Synar,* 478 U.S. 714, 721 (1986).

criminal case.[19] As the Judicial Branch, this Court does not have the power to criminally prosecute any individual or to issue an order for the arrest of an individual based on a private individual's request.[20]

Individuals who believe they are victims of a crime or who have knowledge of a crime that has been committed may contact the appropriate law enforcement agency. If the alleged crime violates federal law, the individual may contact the United States Attorney's Office for the federal district in which the crime is alleged to have occurred.[21] If the crime is a violation of state law, the individual may contact the District Attorney's Office for the Alaska region in which the crime is alleged to have occurred.[22] In this case, if Plaintiff intends to report a crime, he should report it to the appropriate United States Attorney's Office or State of Alaska District Attorney's Office. A petition to speak to a judge about a possible crime does not state a viable cause of action because the Court cannot grant such relief.

### III. Futility of Amendment

If a court dismisses a complaint, as a general rule it "should grant leave to amend even if no request to amend the pleading was made, unless it determines

---

[19] *United States v. Nixon,* 418 U.S. 683, 693 (1974).

[20] See *Latronica v. Merrill Lynch*, 2016 WL 6967586, at *3 (E.D. Cal. 2016), *report and recommendation adopted sub nom. Latronica v. Lynch*, 2016 WL 10654059 (E.D. Cal. 2016).

[21] The United States Attorney's Office for the District of Alaska has a website at https://www.justice.gov/usao-ak.

[22] The State of Alaska Department of Law has 13 regional District Attorney's offices identified at https://law.alaska.gov/department/criminal/DA.html.

that the pleading could not possibly be cured by the allegation of other facts."[23]  In making this determination, a court considers several factors, including whether it would be futile to allow  the plaintiff an opportunity to file an amended complaint because the deficiency with the complaint cannot be cured.[24]

Here, Plaintiff requests to speak with a judge about unnamed crimes that have been or may be committed by unnamed individuals.  Because the Court cannot grant this relief, Plaintiff's petition cannot possibly be cured by the allegation of additional facts; therefore, any amendment would be futile.

**IT IS THEREFORE ORDERED:**

1.     This action is **DISMISSED** for failure to state a claim and the futility of amendment.

2.     Plaintiff's motion for recusal at Docket 6 is **DENIED.**

3.     Plaintiff's motions at Dockets 3 and 4 are **DENIED AS MOOT.**

4.     The Clerk of Court is directed to enter a Final Judgment in this case.

DATED this 21st day of August, 2023 at Anchorage, Alaska.

>                              */s/  Sharon L. Gleason*
>                              SHARON L. GLEASON
>                              UNITED STATES DISTRICT JUDGE

---

[23] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

[24] *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).